WOOTEN & SIMMONS, by R. F. LYON, for defendant.

---

JAMES S. NICHOLS, administrator, plaintiff in error, vs. REBECCA L. M. FRASER et al., defendants in error.

1. Where a paper purporting to be a bill of exceptions was served upon opposite counsel before it was certified by the presiding judge, the writ of error will be dismissed. (R.)

2. The bill of exceptions to an order granting an injunction was served upon opposite counsel before it was certified by the judge. A motion to dismiss the writ of error upon this ground, was sustained. Counsel for plaintiff then stated that there was still time within which to perfect service, and asked leave to withdraw the bill of exceptions for this purpose. This was allowed by the court without prejudice to the rights of the defendants. Service was perfected, the bill of exceptions refiled in the clerk's office of this court, and the case reset for trial. When the case was called a second time, counsel for defendants moved to dismiss the writ of error because there was no record certified under this bill of exceptions. It was replied that the record forwarded with the first bill of exceptions was here. The court sustained the motion, holding that when the bill of exceptions was withdrawn, there was no case pending in this court, the writ of error having been dismissed, and that counsel for plaintiff in error should have commenced de novo, ignoring entirely the former proceeding, and complying with all the requirements of the statute. (R.)

Bill of exceptions. Service. Practice before the Supreme Court. July Term, 1875.

Philo *vs.* The State of Georgia.

This case arose upon exceptions to the order of the chancellor granting an injunction. When it was called, counsel for defendants moved to dismiss the writ of error because service of a paper purporting to be the bill of exceptions was made on them before it had been certified by the judge. An inspection of this document revealed the fact that service was made on July 24th, 1875, and the certificate on July 26th of the same year. Whereupon the court sustained the motion and dismissed the case.

On the next day, counsel for plaintiff in error stated that there was still time within which to perfect service, and asked leave to withdraw the bill of exceptions for this purpose. This was allowed by the court without prejudice to the rights of the defendants. The bill of exceptions was accordingly withdrawn, was served on August 5th, 1875, and refiled on August 6th, 1875, in the clerk's office of this court. It was neither refiled in the clerk's office of the superior court, nor recertified by such officer. The case was again set for trial on the docket of this court. When reached, a motion to dismiss was made on the ground that there was no record here certified under the bill of exceptions then before the court. It was replied that the record which had been forwarded in the first instance was here. The court dismissed the case enunciating the principles set forth in the above head-notes.

PHILLIPS & CAMP, by W. S. THOMSON, for plaintiff in error.

W. T. & W. J. WINN, for defendants.